## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRI ·COUF
DENVER, COLOR IO

*OCT 2 9 2008*

GREGORY C. LANGHAM
CLERK

Civil Action No. 1:08-cv-00985-RPM

Coors Brewing Company,

        Plaintiff/Counterclaim Defendant,

v.

Jacobs Engineering Group Inc.,
Jacobs Construction Services, Inc.,

        Defendants/Counterclaim Plaintiffs.

---

## STIPULATED ORDER REGARDING PROTECTION AND EXCHANGE OF DISCOVERY MATERIALS

---

### I. CONFIDENTIAL MATERIAL

The parties to this action ("Suit") are engaged in proprietary activities and could have their interests jeopardized if non-public data, asset data, estimating and bidding data, business strategies, product, design, or operational information, or other highly sensitive confidential information or documents were disclosed publicly. The parties have agreed, and this Court now orders, that the following provisions shall govern the handling of discovery in this Suit, including without limitation documents, electronically stored information, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced by a party or any non-parties (the "Producing Party") in connection with discovery in this Suit (such information or material is referred to as "Discovery Material").

Discovery Material, or information disclosed in or derived from such material, shall be used solely for purposes of this Suit and shall not be used for any other purpose,

- 1 -

including, without limitation, any business or commercial purpose, or any other litigation

without either (a) a court order or (b) the express written permission of all parties to the Suit.

      2.      Parties may designate Discovery Materials as "Confidential" or "Highly

Confidential" by stamping the document or other information "Confidential" or "Highly

Confidential" or by designating specific materials "Confidential" or "Highly Confidential" in a

writing to the other party. For electronically stored information, the Producing Party must

clearly state to the non-producing party the Bates numbers of such documents or precisely

identify to the non-producing party any diskettes or other electronically stored information that

the Producing Party wishes to maintain as "Confidential" or "Highly Confidential." For

deposition testimony, a party may designate all or part of a deposition as "Confidential" or

"Highly Confidential" by providing page and line references in a separate written notice within

two weeks of receiving the transcript, and until this two-week time period has passed the entire

deposition transcript must be treated as "Highly Confidential." If a Producing Party

inadvertently fails to designate Discovery Materials as "Confidential" or "Highly Confidential,"

or if a related or affected third party becomes aware of a mistaken designation, information may

be designated as "Confidential" or "Highly Confidential" after production by written notice to all

parties and any related or affected third party. Except for use in trial, Discovery Materials that

are designated as "Confidential" or "Highly Confidential" must be filed under seal if they are

filed with the Court. This includes attaching, quoting from, or paraphrasing such materials in

motions, briefs, and other filed papers

3    No "Confidential" Discovery Material or extracts, summaries, or information

contained or derived from Discovery Material may be disclosed, made available, given or shown

to any person except the following ("Qualified Persons"):

(a)    counsel to the parties and persons regularly employed in such office of counsel;

(b)    outside experts or professional advisors or consultants retained by any party to assist in the prosecution or defense of this litigation, and persons regularly employed in the offices of such experts or advisors or consultants retained to assist these experts or professional advisors, subject to paragraph 4 below;

(c)    the named parties, including their respective officers, directors, and employees who are assisting counsel in the prosecution or defense of this lawsuit;

(d)    the Court, its personnel and employees, court reporters who transcribe testimony in this suit, and the trier of fact;

(e)    witnesses with knowledge of relevant facts, deposition witnesses, and /or any witness at trial not within any of the above categories only as permitted by paragraph 4 below;

(f)    outside vendors including, but not limited to, copy services, deposition services, and coding services; and

(g)    such additional persons as agreed to by the parties in writing.

4    Before disclosing any Discovery Material designated "Confidential," counsel

must obtain a written agreement, Exhibit A, from all Qualified Persons (excluding those

individuals identified in paragraph 3(a), (c), (d), and (f) above) indicating that they will keep all

such information confidential, and will use the information for no purpose other than assistance

in this litigation. *See* Exhibit A which is fully incorporated herein by reference. These executed

acknowledgments shall be maintained by counsel of record responsible for the disclosure and

shall be available for inspection by all other counsel of record. A party or the party's attorney

- 3 -

may disclose "Confidential" Information at a deposition to deposition witnesses who do not come within any of the descriptions set forth in paragraphs 3(a)-(g) only if the deposition witness agrees to comply with this paragraph.

5.      The term "Highly Confidential" is a term reserved for unusually sensitive party or third-party information, and is limited to the parties' trade secrets, proprietary engineering, and project programs and their interpretation. No "Highly Confidential" Material (which terms includes extracts, summaries, or information contained in or derived from "Highly Confidential" Material) shall be disclosed, made available, given, or shown to any person except those persons identified in paragraphs 3(a), (b), (c) and (d) above. "Highly Confidential" information shall not be reproduced in any way without the expressed written permission of the Producing Party. Any consultant or expert identified in paragraph 3(b) above must agree in writing not to disclose the "Highly Confidential" information to any other person and that the information will be used for no purpose other than assistance in this litigation. *See* Exhibit A

6.      Entering into, agreeing to and/or producing or receiving Discovery Material and complying with the terms of this Order:

(a)      shall not operate as an admission by any party that any particular Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)      shall not prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, and shall not operate as an admission by any party that the restrictions and procedures set forth in this order constitute adequate protection for any particular or for any particularly confidential categories of Discovery Material;

(c)      shall not prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

4 -

(d)    shall not prejudice in any way the rights of a party to seek a determination by the Court that certain Discovery Material should not be subject to the terms of this Order;

(e)    shall not prejudice in any way the rights of a party or third party to petition the Court for a further protective order relating to any purportedly confidential or highly confidential material or information; and

(f)    shall not prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

7    This Order has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose. Nothing in this Order shall prevent a Producing Party from disclosing or using its own Discovery Material as it sees fit.

8.    Any party may seek to remove a "Confidential" or "Highly Confidential" designation or impose further restrictions on specified information by Court order or consent of all parties and any affected third party. The party seeking to designate the Discovery Material as "Confidential" or "Highly Confidential" bears the burden of establishing confidentiality, if challenged.

9    In the event additional parties join or are joined in this Suit, they shall not have access to Discovery Material until the newly joined party, through its counsel of record, has executed and filed with the Court its agreement to be fully bound by this Order

10.    It is the present intention of the parties that the provisions of this Order shall govern discovery in this Suit. Nonetheless, each of the parties is entitled to seek modification of this Order for good cause by application to the Court and with at least 10 days notice to the other parties.

11    The parties agree to be bound by the terms of this Order pending the entry by the

Court of this Order and during that time any violation of this Order shall be subject to the same sanctions and penalties as if this Order had been entered by the Court. Any violation of the terms of this Order shall be punishable by appropriate relief and sanctions, including money damages, interim or final injunctive or other equitable relief, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

12.    The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Suit including during any appeals. Within 30 days of the conclusion of this Suit, the parties shall destroy all Discovery Materials they have obtained in this Suit and certify to the other party that such materials have been destroyed.

13.    If any person receiving documents covered by this Order is served with any request for Discovery Material, in any other proceeding or forum, either formally or informally, the recipient of such request shall give prompt actual written notice to the Producing Party, allowing the Producing Party sufficient time (at least 10 business days) to object to the request. Such notice shall be made by hand delivery or confirmed email transmission to counsel of record in the Suit, and in no event later than 10 days after receipt of such request.

14.    The parties agree that the production of any Discovery Material by any non-party to this Suit may be subject to and governed by the terms of this Order.

15.    This Court has and retains jurisdiction to enforce the terms of this Order, including to exercise its power to impose sanctions for violations of this Order.

## II. RETURN OF INADVERTENTLY PRODUCED PRIVILEGED DOCUMENTS

The parties agree that should any party, in its review of Discovery Material

- 6 -

produced by another party, identify any Discovery Material that it reasonably believes may be privileged as to the Producing Party or its counsel; it will immediately cease any review of such material, and inform the Producing Party's counsel within 10 business days of its discovery of such material and return a copy of the material to the Producing Party's counsel for the Producing Party's counsel's determination of privilege.

2.      The parties agree that the inadvertent production or disclosure of privileged material shall not result in a waiver of the privilege to which that material is entitled. The parties agree, however, that the disclosure of any particular material shall cease to be inadvertent and the privilege waived if, within 10 business days after the receiving party notifies the Producing Party's counsel that it has identified such material and returned a copy to the Producing Party's counsel, the Producing Party's counsel does not confirm the privileged nature of the material and request the return of the privileged material.

3.      If any material not previously identified pursuant to ¶ 1 is marked or tendered as an exhibit in a deposition, in a list of pre-trial exhibits, attached to a motion, or used for any other purpose in the lawsuit by a non-producing party, the Producing Party will have 10 business days to assert a claim of privilege and inadvertent production with regard to that material and to request its return.

4.      The parties agree to return any privileged material inadvertently produced or disclosed immediately upon request of the Producing Party. In the case of electronically stored information, the receiving party will certify that the privileged material has been permanently deleted from its copy of the Producing Party's electronically stored information.

5.      The Parties agree that no copies will be made or otherwise kept of inadvertently

- 7 -

produced or disclosed privileged materials

6.      Any intentional waiver of privilege as to any one document, group of documents,

material, or group of materials shall not operate to waive the assertion of privilege as to any other

document, group of documents, material, or group of materials.

IT IS SO ORDERED.

Dated this  29  day of  October , 2008.

BY THE COURT:

Richard P. Matsch, Senior Judge

Agreed on behalf of plaintiff:

**s/ Robert C. Chambers**
Robert C. Chambers
Smith, Currie and Hancock LLP

Agreed on behalf of defendants

**s/ Geoffrey L. Harrison**
Geoffrey L. Harrison
Susman Godfrey LLP

- 8 -

**Exhibit A** to Stipulated Order Regarding Protection and Exchange of Discovery Materials

## Acknowledgment

1.  My name is _____. I am aware that a protective Order has been entered in this lawsuit and a copy of the protective Order has been given to me.

2.  I promise that any documents, information, materials or testimony, which are protected under the protective Order will be used by me only in connection with this lawsuit, and I will comply with the requirements of the protective Order with respect to my use of any such information.

3.  I will make copies of or notes concerning information designated "Confidential" only as necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as "Confidential" and marked for return to the furnishing party upon completion of this litigation. I will make no copies of "Highly Confidential" information without the express written permission of the furnishing party and any notes concerning such information shall be preserved in a separate file maintained as "Highly Confidential" and marked for return to the furnishing party upon completion of this litigation.

4.  I will not reveal "Highly Confidential" or "Confidential" information to any unauthorized person, as that term is defined in the protective Order. I understand that failure to abide by the terms of the protective Order may result in sanctions and may subject me to civil liability.

5.  I will not use "Highly Confidential" or "Confidential" information produced in this litigation for any purpose other than to assist in this litigation.

6.  I hereby consent to be subject to personal jurisdiction in the United States District Court for the District of Colorado with respect to any proceeding relative to the enforcement of the Stipulated Order Regarding Protection and Exchange of Discovery Materials.


_____          _____
Signature                          Date


1 -