**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No. 1:08-cv-00985-RPM
(Consolidated w/Civil Action No. 09-cv-00271-RPM)

COORS BREWING COMPANY AND
BRIGGS OF BURTON, PLC,

        Plaintiffs,

v.

JACOBS ENGINEERING GROUP INC.,
JACOBS INDUSTRIAL SERVICES, INC., a/k/a
JACOBS CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.,

        Defendants,

and

JACOBS ENGINEERING GROUP INC. and
JACOBS CONSTRUCTION SERVICES, INC.,

        Third-Party Plaintiffs,

v.

BRIGGS OF BURTON, PLC,

        Third-Party Defendant.

---

**Coors' Response in Opposition to Defendant Jacobs Engineering Group Inc.'s
Motion for Judgment on the Pleadings on Count Two for Breach of Fiduciary Duty**

---

        Coors Brewing Company ("Coors") respectfully submits its Response in Opposition to

Defendant Jacobs Engineering Group Inc.'s ("JEG") Motion for Judgment on the Pleadings

on Plaintiff's Count Two for Breach of Fiduciary Duty.  (Doc. No. 76).

## Summary of Argument

JEG asks this Court to rule that Coors' breach of fiduciary duty claim fails as a matter of law. Under Colorado law (the controlling law on this issue), the existence of a fiduciary relationship is a prerequisite to the finding of a breach of fiduciary duty—and the existence of a fiduciary relationship is a question of fact, not law. A motion to dismiss Coors' claim as a matter of law is without merit and should be denied.

Coors is not required at this stage of the litigation to prove the existence of a fiduciary relationship between it and JEG. Instead, to withstand a motion to dismiss, Coors' complaint must contain enough factual matter to state a plausible claim. Coors has met this plausibility standard and JEG's motion should be denied.

## Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Under this standard, the Court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999). Well-pleaded allegations are those that are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plaintiff, to survive a motion to dismiss, must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). The complaint "must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Schneider*, 493 F.3d at 1177 (emphasis in original). Granting a motion to dismiss is a "harsh remedy" requiring careful study. *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## Scope of Review

JEG attached to and referenced in its memorandum materials outside of the pleadings. (Doc. No. 78-2). Coors attaches to its response additional factual support for its breach of fiduciary duty claim. A motion to dismiss can be converted to a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." *See* Fed. R. Civ. P. 12(d). The Court has broad discretion in determining whether to accept materials beyond the pleadings. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998).

JEG previously moved for summary judgment on Coors' breach of fiduciary duty claim (Doc. No. 27)—and its motion was denied by the Court (Doc. No. 53) (Order Denying Motion for Partial Summary Judgment). The only thing that has changed since the Court's July 6, 2009 Order is that the parties have completed twelve months of discovery. During this discovery period, Coors has mustered additional factual support, some of which is referenced herein and attached hereto, for the existence of a fiduciary relationship and JEG's breach of the duties arising from that relationship. Under either the plausibility standard or the Rule 56 standard, JEG's motion should be denied.

**Argument and Legal Authority**

**I.      The existence of a fiduciary relationship is a question of fact.**

Under Colorado law, the existence of a fiduciary relationship is a prerequisite to the

finding of a breach of fiduciary duty. *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d

508, 517–18 (Colo. 1986).  Finding the existence of a fiduciary relationship is a question of fact.

*Id.* at 518; *see also Tschudy v. Amos C. Sudler & Co.*, 407 P.2d 877, 879 (Colo. 1965) (plaintiff's

evidence, which was intended to establish the fiduciary relationship, was a question of fact for

the trier of fact); *Moses v. Diocese of Colorado*, 863 P.2d 310, 322 (Colo. 1993) ("The existence

of the fiduciary relationship is a question of fact for the jury."); *Winkler v. Rocky Mountain*

*Conference of United Methodist Church*, 923 P.2d 152, 157 (Colo. App. 1995) ("Whether a

fiduciary relationship exists is a question of fact to be resolved by the jury."); *Atlantic Richfield*,

226 F.3d at 1162-63 (In Colorado, the existence of a fiduciary relationship is generally a

question of fact).

JEG cites *MDM Group Associates, Inc. v. CX Reinsurance Co. Ltd.*, 165 P.3d 882, 888

(Colo. App. 2007) as support for JEG's argument that: "The existence of a fiduciary relationship

and the scope and nature of a fiduciary's duty are determined by the court as a matter of law."

JEG Memo at 4.  JEG mischaracterizes *MDM's* holding because JEG conflates the existence of a

fiduciary relationship—the threshold issue that is a question of fact—with the nature and scope

of the legal duty owed by a fiduciary.

*MDM* stands for the proposition that "[c]ertain types of relationships give rise to general

fiduciary duties as a matter of law, such as attorney-client, principal-agent, and trustee-

beneficiary." *MDM*, 165 P.3d at 888.  But this does not mean that *all* fiduciary relationships are

determined by the court as a matter of law. *See Atlantic Richfield*, 226 F.3d at 1162 ("Colorado courts recognize that a variety of relationships can create fiduciary responsibilities under certain circumstances, even if those relationships are not fiduciary per se.").

Under Colorado law, many different relationships can create fiduciary responsibilities under particular facts and circumstances. *Id.* at 1162–63. *See, e.g., Paine, Webber*, 718 P.2d at 517–18 (declining to "adopt a rule that a stockbroker/customer relationship is, per se, fiduciary in nature," and holding that the existence of any fiduciary obligations turns on "proof of circumstances"); *Bohrer v. DeHart*, 943 P.2d 1220, 1225 (Colo. App. 1996) (remarking that a clergy-parishioner relationship "may be fiduciary in nature," depending on the facts of the case); *Dolton v. Capitol Fed. Sav. and Loan Ass'n*, 642 P.2d 21, 23 (Colo. App. 1981) ("While there is no per se fiduciary relationship between a borrower and lender, a fiduciary duty may arise from a business or confidential relationship…."). These cases show that "the existence of a fiduciary or confidential relationship is generally a question of fact for the jury." *Elk River Assocs. v. Huskin*, 691 P.2d 1148, 1152 (Colo. App. 1984).

In *Atlantic Richfield*, the Tenth Circuit ruled that the district court "erred when it entered summary judgment as a matter of law on the defendants' fiduciary duty claims," because there were material facts at issue on whether a fiduciary relationship existed. 226 F.3d at 1163.

The nature and scope of the legal duty owed by a fiduciary are different from the threshold issue of whether a fiduciary relationship exists. The question of whether a fiduciary relationship exists is fact dependent and must be resolved on a case-by-case basis. *See Paine, Webber*, 718 P.2d at 518. It is for the court to define the nature and scope of any legal duty. *See Command Communications, Inc. v. Fritz Companies, Inc.*, 36 P.3d 182, 186 (Colo. App. 2001).

The decision to remove the fiduciary relationship issue from the jury would be appropriate only in the absence of any evidence upon which a jury could justifiably find that a fiduciary relationship existed.  *See Tri-Aspen Constr. Co. v. Johnson*, 714 P.2d 484, 487 (Colo. 1986).

Applying the above authorities to this case, JEG's motion to dismiss Coors' breach of fiduciary duty claim as a matter of law should be denied because the existence of a fiduciary relationship is a fact question, and Coors' allegations of fact must be accepted as true and must be construed in the light most favorable to Coors.  *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

## II.    The Coors-JEG relationship was fiduciary.

Coors and JEG had a fiduciary relationship:  Coors placed special confidence in JEG and trusted JEG to provide advice and counsel regarding the viability of the Project.  Compl. ¶ 22. JEG breached the fiduciary duty it owed to Coors by, among other things, failing to adequately prepare its cost estimate for the Project and failing to provide proper advice and counsel to Coors regarding the viability of the Project.  Compl. ¶ 23.  Coors approved starting the implementation (design and construction) phase of the Project based upon JEG's advice and counsel.  Compl. ¶ 24.  Coors suffered damages as a result of JEG's breach of its fiduciary duty.  Compl. ¶ 25.  The Complaint contains sufficient facts to state a claim to relief that is plausible.

Jacobs' own expert recognizes "Jacobs' fiduciary responsibility to Coors."  Boyken Expert Report at Section 2, p. 3, ¶ 11(c) (excerpt attached as **Exhibit 1**).[1]  Alliance-related documents support the existence of a fiduciary relationship.  The alliance relationship between Coors and Jacobs was a partnering relationship and a "long-term relationship, based on mutual

---

[1] Coors reserves the right to challenge other sections of Boyken's expert report.

trust." Depo. Ex. 519 at p. 3 (attached as **Exhibit 2**). Jacobs' internal correspondence also supports the existence of a fiduciary relationship: "Coors has progressively downsized their internal Electrical and Instrumentation/Controls groups to essentially zero over the last few years, the situation today is that Jacobs people … essentially act as Coors leaders of Coors efforts in these disciplines…." Depo. Ex. 1456 at p. 1 (attached as **Exhibit 3**).

Additionally, Jacobs' Vice President of Operations, Mark Suddaby, P.E., testified that:

- Jacobs and Coors were "partners." Depo. Mark Suddaby 23:13–21; 25:16–23 (July 8, 2010) (excerpt attached as **Exhibit 4**).

- The alliance relationship was a long-term relationship built over a number of years. Depo. Suddaby 23:13–16; 28:3–6. (**Ex. 4**).

- Coors reduced the size of its engineering group under the alliance relationship. Depo. Suddaby 25:25 to 26:6; 80:18 to 82:13. (**Ex. 4**).

- Jacobs' employees and Coors' employees put their trust in one another under the alliance relationship. Depo. Suddaby 27:7 to 28:2; 45:3 to 46:5. (**Ex. 4**).

- Jacobs was responsible for advising Coors on the cost of certain Coors' capital projects. Depo. Suddaby 25:11–15. (**Ex. 4**).

- Coors relied on Jacobs' advice. Depo. Suddaby 25:16–23; 44:5–9. (**Ex. 4**).

Coors' executive, Dennis Puffer, testified that Coors and Jacobs had a long-standing professional relationship and that Coors reduced the size of its engineering department from 125–135 engineers down to about 15 in reliance upon Jacobs' expertise. Depo. Dennis B. Puffer 208:17–209:24 (April 1, 2010). (excerpt attached as **Exhibit 5**).

Coors and Jacobs have a long-standing business relationship of trust, confidence, and reliance, arising from a long-standing professional relationship under which Jacobs performed engineering services for Coors. Aff. Dennis B. Puffer ¶¶ 4-6 (Jan. 12, 2009) (attached as

**Exhibit 6**).  Jacobs was in control of engineering, project management, estimating, procurement, construction management, and administrative services on particular Coors' capital projects. Puffer Aff. ¶ 6.  Jacobs was responsible for advising on the cost of Coors' projects, including the Project that is the subject matter of this suit.  Puffer Aff. ¶¶ 7, 11, 13.  Jacobs assumed these responsibilities and represented Coors' interests in these projects.  Puffer Aff. ¶¶ 6-11, 13.  Coors trusted Jacobs to perform its responsibilities and had confidence in Jacobs based upon Jacobs' proven track record on Coors' projects.  Puffer Aff. ¶ 8.  Coors, in reliance upon Jacobs' expertise, reduced the size of Coors' engineering staff.  Puffer Aff. ¶ 12.  Coors approved the implementation of the design and construction of the Project based upon Jacobs' representations concerning the Project's total cost.  Puffer Aff. ¶ 14.

Colorado law, applied to the above facts, shows the existence of a fiduciary relationship. A "fiduciary" is "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with the undertaking." *Destefano v. Grabrian*, 763 P.2d 275, 284 (Colo. 1988).  A fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another upon matters within the scope of their relationship. *Atlantic Richfield*, 226 F.3d at 1163.  "A fiduciary relationship can arise when one party occupies a superior position relative to another.  It may be based upon a professional, business, or personal relationship." *Id.*  A party in a fiduciary relationship is "subject to liability to the other for harm resulting from a breach of duty imposed by the relationship." *Destefano*, 763 P.2d at 284.

The facts presented by Coors, taken as true for purposes of JEG's motion, support a finding of an independent fiduciary duty arising from the parties' relationship of trust, confidence, and reliance.  *See Command Communications*, 36 P.3d at 186 ("Before there can be

a breach of a fiduciary duty, a fiduciary relationship or a confidential relationship must exist.  A

fiduciary duty arises between parties through a relationship of trust, confidence, and reliance.").

## III.   An engineer-client relationship can be fiduciary.

JEG argues that an engineer-client relationship is not a fiduciary relationship as a matter

of law.  JEG Memo at 5–6.  But Coors does not allege that the relationship between it and JEG

was fiduciary as a matter of law.  The fact that a fiduciary duty does not *necessarily* arise from

an engineer-client relationship does not mean a fiduciary duty *never* arises from such a

relationship.  *See Atlantic Richfield*, 226 F.3d at 1162 (holding that because "a fiduciary duty

does not *necessarily* arise from a lessee-lessor relationship does not mean a fiduciary duty *never*

arises from such a relationship.") (emphasis in original).  Here, Coors does not allege that an

engineer is necessarily a fiduciary as a matter of law.  Coors simply asserts that the facts in this

case support the existence of a fiduciary relationship.

JEG cites *Vikell Investors Pacific, Inc. v. Kip Hampden, Ltd.*, 946 P.2d 589 (Colo. App.

1997) to support JEG's argument that "Colorado precedent clearly holds that an engineer does

not owe a common law fiduciary duty to property owner/employer/client."  JEG Memo at 5–6.

JEG's reliance on *Vikell* is misplaced.

In *Vikell*, the Colorado Court of Appeals concluded that the trial court correctly held that

the factual evidence presented at trial did not give rise to a fiduciary relationship between the

geotechnical engineer and his client.  946 P.2d at 597.  *Vikell* fully supports Coors' position that

the existence of a fiduciary relationship is fact dependent.  Moreover, the reasoning of *Vikell*

shows that JEG and Coors did have a fiduciary relationship under the facts and circumstances

here.

The property owner in *Vikell* sued its engineer, Morris, for breaching his fiduciary duty by failing to disclose that he was aware of the conditions causing damage to the owner's property.  The court found that no fiduciary relationship existed because Morris was just one of many members of a team of engineers that worked for the owner, Morris rarely spoke to the owner, and Morris had very little control over the owner's project.  *Id.* at 597.  Morris did not have a relationship of trust and confidence with the owner, nor did the owner relax its control over the project in reliance on Morris.  *Id.*

The Colorado Court of Appeals did not rule that a fiduciary relationship between an owner and an engineer could never exist.  Instead, the court stated that "the evidence presented at trial was susceptible to a single conclusion – *that the undisputed facts of the case* did not give rise to either a fiduciary relationship or a confidential relationship between Vikell and Morris." *Id.* (emphasis added).

In contrast to the relationship in *Vikell*, the facts here do give rise to a fiduciary relationship:  Coors placed a high degree of trust in JEG to perform estimating, engineering, and other services.  Puffer Aff. ¶¶ 10, 11.  Coors relied on JEG's higher degree of skill and expertise and believed, based on the nature of their relationship, that JEG would look out for Coors' best interest.  Puffer Aff. ¶¶ 8-11.  JEG, unlike Morris, was responsible for all of the engineering and construction on the Project.  Puffer Aff. ¶ 15.  And the trust established between Coors and JEG induced Coors to relax the care and vigilance it would otherwise have exercised.  Puffer Aff. ¶ 12; Depo. Puffer 209:1–24.

JEG also argues that the National Society of Professional Engineers Code of Ethics—that it expressly agreed to comply with—is merely a "guidepost" and does not create a fiduciary

relationship.[2]  The Code of Ethics required JEG to act for Coors as its faithful agent or trustee.[3]

Coors does not argue that the Code of Ethics creates a fiduciary relationship as a matter of law.

The Code of Ethics is simply one more fact supporting the existence of a fiduciary relationship

between Coors and JEG.

### Conclusion

JEG's motion to dismiss Coors' breach of fiduciary duty claim as a matter of law should

be denied because the threshold issue of whether a fiduciary relationship existed is a question of

fact, and Coors has alleged sufficient facts to make its claim plausible.  For the foregoing

reasons, Coors respectfully requests that the Court deny JEG's Motion for Judgment on the

Pleadings on Plaintiff's Count Two for Breach of Fiduciary Duty.

Respectfully submitted July 19, 2010.

*s/ Charles W. Surasky*
Charles W. Surasky
cwsurasky@smithcurrie.com
Robert C. Chambers
rcchambers@smithcurrie.com
John M. Mastin, Jr.
jmmastin@smithcurrie.com
**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1227
Tel: 404-521-3800
Fax: 404-688-0671

---

[2] "[JEG] will comply with the National Society of Professional Engineers Code of Ethics in performing services pursuant to this Agreement."  Compl. ¶ 20; *see* Compl. Exhibit A, Engineering Services Agreement, Article 3, Clause 3.1.  Jacobs argues that "[w]hen Clause 3.1 is read as a whole, it is clear that its reference to the Code is simply to provide a guidepost for the quality of professional services to be rendered."  JEG Memo at 10.
[3] Compl. ¶ 21; *see* Compl. Exhibit C, ¶ 4.

Randall H. Miller
randy.miller@hro.com
James N. Phillips
james.phillips@hro.com
**HOLME ROBERTS & OWEN LLP**
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
Tel: 303-861-7000
Fax: 303-866-0200


*Attorneys for Plaintiff*
*Coors Brewing Company*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 19, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David G. Palmer
**GREENBERG TRAURIG LLP**
1200 17th Street, Suite 2400
Denver, Colorado 80202
Tel:  303-572-6500
Fax:  303-572-6540
Email:  palmerdg@gtlaw.com

and

Albert E. Peacock, III
Paul T. Ross
**KEESAL, YOUNG & LOGAN**
400 Oceangate
P.O. Box 1730
Long Beach, California  90801
Tel:  562-436-2000
Fax:  562-436-7416
Email:  al.peacock@kyl.com
         terry.ross@kyl.com

***Attorneys for Defendants and
Third-Party Plaintiffs
Jacobs Engineering Group Inc. and
Jacobs Construction Services, Inc.***

Christian H. Hendrickson
**SHERMAN & HOWARD L.L.C.**
633 17 Street, Suite 3000
Denver, Colorado 80202
Tel.: 303-297-2900
Fax: 303-298-0940
Email:
chendrickson@shermanhoward.com

and

Paul F. Keneally
**UNDERBERG & KESSLER LLP**
300 Bausch & Lomb Place
Rochester, New York 14604
Tel.: 585-258-2800
Fax: 585258-2821
Email:
pkeneally@underbergkessler.com

***Attorneys for Plaintiff and
Third-Party Defendant
Briggs of Burton, PLC***

*s/ John M. Mastin, Jr.*
John M. Mastin, Jr.
**SMITH, CURRIE & HANCOCK LLP**

***Attorneys for Plaintiff
Coors Brewing Company***