## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

### Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00985-RPM
(Consolidated with Civil Action No. 09-cv-00271-RPM

COORS BREWING COMPANY and
BRIGGS OF BURTON, PLC,

                              Plaintiffs,

    vs.

JACOBS ENGINEERING GROUP INC.,
JACOBS INDUSTRIAL SERVICES, INC., a/k/a/
JACOBS CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.,

                              Defendants.

    And

JACOBS ENGINEERING GROUP INC. and
JACOBS CONSTRUCTION SERVICES, INC.,

                              Third Party Plaintiffs,

    vs.

BRIGGS OF BURTON, PLC,

                              Third Party Defendant.

**DEFENDANT/THIRD-PARTY PLAINTIFFS JACOBS ENGINEERING GROUP INC., JACOBS INDUSTRIAL SERVICES, INC., A/K/A JACOBS CONSTRUCTION SERVICES, INC., AND JACOBS CONSTRUCTION, INC.'S OPPOSITION TO BRIGGS OF BURTON'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   INTRODUCTION .................................................................................................................. 1

II.  SUMMARY OF THIRD-PARTY COMPLAINT ................................................................... 2

III. ARGUMENT ........................................................................................................................... 3

    A.   RULE 12(c) STANDARD. ............................................................................................ 3

    B.   THE COURT SHOULD NOT DISMISS OR ENTER JUDGMENT ON ANY PART OF THE THIRD-PARTY CLAIM AGAINST BRIGGS, UNLESS AND UNTIL IT FIRST DECIDES JACOBS' PREVIOUSLY FILED MOTIONS. ............................................................................................................. 3

    C.   THE THIRD-PARTY COMPLAINT IS SUFFICIENTLY PLED. ............................ 4

        1.   The Third-Party Complaint is Sufficiently Pled. ................................................. 5

            a)   The Third-Party Complaint States a Claim for Breach of Contract. ............................................................................... 5

            b)   The Third-Party Complaint States a Claim for Implied Contractual Indemnity. ..................................................... 6

            c)   Jacobs' Third-Party Complaint States a Claim for Contribution. ................................................................................... 7

            d)   Jacobs' Third-Party Complaint States a Claim for Equitable Indemnity. ......................................................................... 8

        2.   The Conditional Nature of Jacobs' Claims Does not Bar it from Making Third-Party Claims for Contribution and Indemnification against Briggs. ............................................................................ 10

IV.  CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

Hall v. Bellmon,
    935 F.2d 1106 (10th Cir. 1991) ......................................................................................... 3

Int'l Surplus Lines Ins. Co. v. Marsh & McLennan, Inc.,
    838 F.2d 124 (4th Cir. 1988) ............................................................................................ 6

Nelson v. State Farm Mut. Auto. Ins. Co.,
    419 F.3d 1117 (10th Cir. 2005) ......................................................................................... 3

Oxendine v. Kaplan,
    241 F.3d 1272 (10th Cir. 2001) ......................................................................................... 3

Sutton v. Utah State Sch. for Deaf & Blind,
    173 F.3d 1226 (10th Cir. 1999) ...................................................................................... 3, 8

### STATE CASES

Carr v. The Home Ins. Co.,
    250 Va. 427 (1995) ........................................................................................................ 8, 9

Life Ins. Co. v. Daniel Int'l Corp.,
    19 Va. Cir. 492 (Va. Cir. 1980) ....................................................................................... 10

Maryland Cas. Co. v. Aetna Cas. & Surety Co.,
    191 Va. 225 (1950) ........................................................................................................... 9

Pulte Home Corp. v. Parex, Inc.,
    265 Va. 518 (2003) ................................................................................................... 7, 8, 9

Shilling v. Connor,
    21 Va. Cir. 246 (Va. Cir. 1990) ......................................................................................... 8

Stone Ridge Condominium Unit Owners' Assoc. v.
    J.M. Turner & Co., Not Reported in S.E.2d, 62 Va. Cir. 280,
    2003 WL 22052179 (Va. Cir. Ct., July 14, 2003) ............................................................. 6

Sullivan v. Robertson Drug Co.,
    273 Va. 84 (2007) ............................................................................................................. 7

Sunrise Continuing Care, LLC v. Wright,
    277 Va. 148 (2009) ........................................................................................................... 5

Sykes v. Stone & Webster Eng'g Corp.,
    186 Va. 116 (1947) ........................................................................................................... 6

Travelers Prop. Cas. Co. of Am. v. Premier Project Mgmt. Group, LLC,
    78 Va. Cir. 315 (Va. Cir. 2009) ........................................................................................ 9

Va. Elec. & Power Co. v. Wilson,
    221 Va. 979 (1981) ........................................................................................................... 6

### STATUTES AND RULES

Fed. R. Civ. Proc.
    Rule 12(c) .......................................................................................................................... 3
    RULE 8(a) .......................................................................................................................... 5
    RULE 8(d)(1) ..................................................................................................................... 5
    RULE 8(d)(2) ..................................................................................................................... 5
    RULE 8(d)(3) ..................................................................................................................... 5
    Rule 8(e) ..................................................................................................................... 5, 10
    Rule 14(a) ................................................................................................................... 5, 10

VA. CODE
    § 8.01-34 ............................................................................................................................ 7
    § 8.01-35.1 ......................................................................................................................... 7

Defendant/Third-Party Plaintiffs JACOBS ENGINEERING GROUP INC., JACOBS INDUSTRIAL SERVICES, INC., a/k/a JACOBS CONSTRUCTION SERVICES, INC., and JACOBS CONSTRUCTION, INC. (collectively, "Jacobs") hereby submits its Opposition to Briggs of Burton's ("Briggs") Motion for Judgment on the Pleadings.

## I.
## INTRODUCTION

Briggs Motion for Judgment on the Pleadings urges the Court to enter judgment in its favor on Jacobs' Third Party Complaint on the grounds that it is contingent in nature and for that reason fails to state cognizable claims. Briggs also urges the Court to deem enforceable the liability limiting provision in the subcontract between Jacobs Construction Services ("JCS"). As to the latter argument, if the Court upholds the liability limiting provisions found within the Engineering Services Agreement and the Construction Services Agreement (granting Jacobs' pending motions), it should likewise uphold the similar provision in the Briggs' subcontract. As to the former, the Third Party Complaint undertakes to shift responsibility for the tort claims advanced by Coors. Jacobs has sought judgment on these tort based claims either through a motion to apply the economic loss rule or through separate motions addressing the viability of each claim. Thus, to the extent these motions are successful and Coors' underlying tort claims ultimately fall away, the contribution and indemnification claims based on those torts also fall away. The sole purpose of Third Party Complaint is to pass through to Briggs the damages Coors seeks to impose on Jacobs. Thus, if Jacobs' liability is limited, Briggs' liability should be limited. If Coors is unable to pursue tort claims, the third party claims which parallel those claims also should disappear.[1]

---

[1] Coors has objected to the enforcement of the liability limiting provision in its contracts with Jacobs. As the subcontract is governed by Virginia law, and as the Construction Services Agreement ("CSA") is also governed by Virginia law, Jacobs anticipates that the Court's ruling

**II.**

**SUMMARY OF THIRD-PARTY COMPLAINT**

In May of 2008, Coors filed a Complaint alleging various claims based in tort and contract against JCS and JEG to recover for alleged "cost overruns" in the estimating, planning, design and construction of the Coors production facility (the "Jefferson Project" or "Project"). JCS and JEG have and continue to deny those allegations on legal and factual grounds, and indeed, urge the Court to conclude that Coors' position is legally and factually without merit. But, if JCS or JEG is found to be liable to Coors on any of its claims, some or all of that liability resulted from Briggs' breach of its subcontract with Jacobs and/or Briggs' own negligence. Through the Third-Party Complaint, Jacobs seeks full contribution and/or indemnity for Briggs' proportionate share of any damages awarded to Coors.

Specifically, the Third-Party Complaint alleges four causes of action, each of which, contend that Briggs' is liable to Jacobs for its proportionate share of any damages that may be awarded to Coors. The first and second causes of action allege that to the extent that Coors prevails on its tort-based actions, Jacobs is entitled to <u>indemnity and contribution</u> from Briggs for any and all damages arising from Briggs' plans, estimates, designs, drawings, and specifications, as well as from Briggs' engineering, design and related services. (Third-Party Compl., ¶¶ 12–19.)

In March of 2005, Briggs and Jacobs entered into a Professional Services Subcontract Agreement (the "PSSA" or "Subcontract"). The third and fourth causes of action allege that, insofar as Coors is able to maintain a claim based in contract against Jacobs, Briggs is liable to Jacobs for its own breaches of the subcontract. As noted above, by its motion Briggs

---

on Jacobs' motion to enforce the liability limiting provision in the CSA will be instructive as to the overarching enforceability of the subject liability limiting provision. Coors also opposes Jacobs' motions which seek to dispose of the torts based on the economic loss rule and Coors' failure to state a claim.

argues that its liability for breaches of the PSSA is limited by a term in the Subcontract. To the extent the Court upholds the liability limitation provisions running in favor of Jacobs, it should commensurately uphold the liability limiting provision in Briggs' Subcontract.

### III.
### ARGUMENT

#### A. RULE 12(c) STANDARD.

When considering a 12(c) motion for judgment on the pleadings, the Court will apply the same standard of review it applies to 12(b)(6) motions for failure to state a claim. See Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). The Court must accept all of Jacobs' well-pleaded allegations in the complaint as true and must construe them in a light most favorable to Jacobs. Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In making its decisions, the Court may look only to the complaint itself and to any attachments thereto. Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing FED. R. CIV. PRO. 10(c); Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991).

In this case, the subject contract is the PSSA, which is attached to the Third-Party Complaint as Exhibit "A."

#### B. THE COURT SHOULD NOT DISMISS OR ENTER JUDGMENT ON ANY PART OF THE THIRD-PARTY CLAIM AGAINST BRIGGS, UNLESS AND UNTIL IT FIRST DECIDES JACOBS' PREVIOUSLY FILED MOTIONS.

Briggs' motion is based in large part on a number of motions filed by Jacobs against Coors' Complaint. Jacobs asserts Coors' causes of action based in tort are barred by the economic loss rule. (Jacobs' Mot. for J. on the Pleadings Pursuant to Economic Loss Rule, Doc. Nos. 83–85.) Jacobs also maintains that Coors' contractual causes of actions are capped by the

limitation on liability provision in their contract.  (Jacobs' Reply to Mot. for J. on the Pleadings on Def's. Liability Limitation Provision, Doc. Nos. 66-99.)  The Court should not grant Briggs' motion and dismiss Jacobs' causes of action against Briggs prior to determining the validity, or lack thereof, of Coors' causes of action against Jacobs.  The Court must first determine if the economic loss rule prevents Coors from seeking damages based in tort, before it can or should dismiss Jacobs' tort based claims for contribution and indemnity against Briggs.  Similarly, the Court must first determine the validity of the limitation on liability provision in Coors' and Jacobs' contract under Virginia law before it can or should determine the validity of Briggs' own limitation on liability provision in Jacobs' and Briggs' contract under the same Virginia law.  Dismissing either set of claims against Briggs without first dismissing Coors' corresponding claims against Jacobs would lead to inconsistent results, expose Jacobs to damages caused by Briggs' own actions and contradict the express intentions of all the parties involved.

### C.  **THE THIRD-PARTY COMPLAINT IS SUFFICIENTLY PLED.**

By and through its Motion, Briggs raises two arguments.  First, Briggs contends that the PSSA contains an enforceable liability limitation.[2]  (Briggs' Motion at 5–7.)  Second, relying on the liability limiting provision contained in the PSSA, Briggs contends that the Third-Party Complaint fails to state a claim because it presupposes that Briggs failed or refused to re-perform deficient work after being notified of a defect by Jacobs or Coors. (Briggs' Motion at 4–5.)  As previously noted, Jacobs does not dispute the enforceability of the PSSA's liability limiting provision so long as its own liability limitation in the CSA with Coors is also enforceable.  It does however contend that the Third-Party Complaint is sufficiently pled, and to the extent liability limitations are not upheld under Virginia law, the Court should deny this motion.

---

[2] See supra n.1.

1. **The Third-Party Complaint is Sufficiently Pled.**

The Third-Party Complaint pleads <u>four</u> causes of action, each of which survives the pleading requirements and must be sustained as a matter of law. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who *is or may be* liable for *all or part* of the claim against it." FED. R. CIV. PROC. 14(a). A claim for relief must only include "a short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the relief sought. FED. R. CIV. PROC. 8(a). "Each allegation must be simple, concise, and direct." FED. R. CIV. PROC. 8(d)(1). "A party may set out two or more statements of a claim or defense *alternatively or hypothetically*, either in a single count or defense or in separate ones." FED. R. CIV. PROC. 8(d)(2). "A party may state as many separate claims or defenses as it has, regardless of consistency." FED. R. CIV. PROC. 8(d)(3). "Pleadings must be construed so as to do justice." FED. R. CIV. PROC. 8(e).

a) **The Third-Party Complaint States a Claim for Breach of Contract.**

In Virginia, the "elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." <u>Sunrise Continuing Care, LLC v. Wright</u>, 277 Va. 148, 154 (2009) citing <u>Filak v. George</u>, 267 Va. 612, 619 (2004).

Here, the Third-Party Complaint alleges facts that, if taken to be true, state a cause of action for breach of contract. First, the Third-Party Complaint alleges that JCS and Briggs entered into an enforceable contract. Specifically, it alleges that JCS and Briggs entered into the PSSA on March 28, 2005, pursuant to which Briggs was to provide certain design and engineering services for the Project. (Third-Party Compl., ¶¶ 7, 22–23.) A copy of the PSSA was attached as Exhibit "A" to the Third-Party Complaint. Second, the Third-Party Complaint

alleges that Briggs breached the PSSA. For example, Paragraph 24 alleges that Briggs breached the PSSA by, among other things, "providing untimely, substandard and/or unacceptable work and seeking to recover additional payments for work it was and is not entitled to." (Third-Party Compl., ¶ 24.) Third, the Third-Party Complaint alleges that Jacobs was injured as a result of Briggs' contractual breaches. For example, Paragraph 24 alleges that insofar as Coors is able to prove that JEG breached the Engineering Services Agreement, or that JCS breached the Construction Services Agreement, some or all of those breaches were caused by Briggs' own breaches of the PSSA. (Third-Party Compl., ¶ 24.) Because the Third-Party Complaint adequately pleads a cause of action for breach of contract, Briggs' motion must be denied.

### b) The Third-Party Complaint States a Claim for Implied Contractual Indemnity.

A cause of action for implied contractual indemnity exists under Virginia law, separate and apart from that of equitable indemnity. See Int'l Surplus Lines Ins. Co. v. Marsh & McLennan, Inc., 838 F.2d 124 (4th Cir. 1988); Stone Ridge Condominium Unit Owners' Assoc. v. J.M. Turner & Co., Not Reported in S.E.2d, 62 Va. Cir. 280, 2003 WL 22052179 (Va. Cir. Ct., July 14, 2003). A claim for implied contractual indemnity arises where (1) the party seeking indemnity has discharged, (2) through an implied contractual term, (3) the obligation of the one primarily liable for the harm or damages at issue. Sykes v. Stone & Webster Eng'g Corp., 186 Va. 116, 129 (1947). A claim for implied contractual indemnity can only arise out of a contractual relationship between the parties. Marsh, 838 F.2d 124; Va. Elec. & Power Co. v. Wilson, 221 Va. 979, 981–82 (1981); Stone Ridge, 62 Va. Cir. 280.

By and through the Fourth Cause of Action for Implied Contractual Indemnity, Jacobs alleges facts that, if taken as true, state a cause of action. Indeed, the Third-Party Complaint alleges that if Jacobs is found liable to Coors in the underlying action, Briggs has an implied contractual duty to indemnify it because it is the party primarily liable for the harm or

damages at issue. (Third-Party Compl., ¶¶ 28–33.) Because the Third-Party Complaint states a claim for implied contractual indemnity, Briggs' motion must be denied.

### c) Jacobs' Third-Party Complaint States a Claim for Contribution.

Jacobs' first cause of action against Briggs seeks no more than contribution from Briggs as a joint tortfeasor for the tort claims Coors asserted against it. (Jacobs' Third-Party Compl., ¶¶ 13–14.) Where there are joint tortfeasors, one may seek contribution from the other for his portion of the damages caused to the injured party. See Sullivan v. Robertson Drug Co., 273 Va. 84 (2007). Virginia state law recognizes a right to contribution among joint tortfeasors in both its statutory makeup as well as its established common law. VA. CODE §§ 8.01-34, 8.01-35.1 (1977 and Supp. 1980) ("contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude."); see also Pulte Home Corp. v. Parex, Inc., 265 Va. 518, 529 (2003).

A contribution claim is valid if the injured party would be able to assert its own underlying cause of action against the third-party defendant from whom the original defendant seeks the contribution. Pulte, 265 Va. at 529. Therefore, so long as Coors could have, at some time, asserted its negligence claim directly against Briggs, Jacobs' claim for contribution will lie. Id. citing Va. Elec. & Power Co. v. Wilson, 221 Va. 979 (1981) (holding the injured party need not have a presently enforceable cause of action against the third-party defendant as long as the injured party could have maintained a cause of action against the third-party defendant at some time in the past). As Jacobs' Complaint states, Briggs is responsible for some or all of the damages Coors alleged Jacobs caused. (Third Party Compl., ¶ 15.)

Here, the Third-Party Complaint clearly alleges that (a) Coors has asserted that Jacobs was negligent in its work, including but not limited to, providing deficient plans, estimates, designs, drawings, specifications and deficient engineering, design and construction

services (Third-Party Compl., ¶ 13); (b) to the extent that Coors is able to maintain its negligence claim, some or all of the damages claimed were caused by Briggs' own negligence in providing what Coors claims to have been deficient plans, estimates, designs, drawings, specifications and deficient engineering, design and/or construction services (Third-Party Compl., ¶ 14); and, (c) Coors could have pursued its negligence claims against Briggs directly, but has chosen not to, such that Jacobs is entitled to contribution from Briggs to the extent of its proportionate share of liability (Third-Party Compl., ¶ 15.)

For the purposes of this motion, the Court is to presume that Briggs provided deficient plans, estimates, designs, drawings, specifications and deficient engineering, design and/or construction services. Sutton, 173 F.3d at 1236. If the Court concludes that the Economic Loss Rule is not a bar to Coors' negligence claim, Coors could have advanced its claim directly against Briggs, and thus, the claim is properly pleaded. Shilling v. Connor, 21 Va. Cir. 246, 247 (Va. Cir. 1990) (a claim for contribution is properly pleaded where the facts, if proven, may establish liability running from the injured party to the party from whom contribution is sought).

### d) Jacobs' Third-Party Complaint States a Claim for Equitable Indemnity.

Jacobs' second cause of action against Briggs seeks equitable indemnification. (Jacobs' Third-Party Compl., ¶¶ 13–14.) As with the first cause of action, Jacobs clearly indicates that its claim for equitable indemnity arises out of Coors' tort claims brought against Jacobs. (Jacobs' Third-Party Compl., ¶ 18.)

Equitable indemnity is also a valid claim under Virginia state law. Pulte, 265 Va. at 525. To state a valid claim, Jacobs need only show that, to the extent that Coors successfully asserts its tort claims, some or all of the damages arising out of those claims were caused by the unauthorized negligence of its subcontractor, Briggs. Carr v. The Home Ins. Co., 250 Va. 427,

429 (1995); Maryland Cas. Co. v. Aetna Cas. & Surety Co., 191 Va. 225, 232 (1950); see also Pulte, 265 Va. at 258. Jacobs is then entitled to recover from Briggs the amount it pays Coors to discharge its liability. Carr, 250 Va. at 429. As a prerequisite to recovery, Jacobs must make an initial showing that Coors' damages were caused by Briggs' negligence, and that the cause of action arose out of a contractual relationship between Jacobs and Briggs. Carr, 250 Va. at 429; Travelers Prop. Cas. Co. of Am. v. Premier Project Mgmt. Group, LLC, 78 Va. Cir. 315, 319 (Va. Cir. 2009) (finding the pleading party failed to state a claim for indemnity because no privity of contract existed between the pleading party and third-party defendant).

Here, the Third-Party Complaint clearly alleges that (a) Coors has asserted that Jacobs was negligent in its work, including but not limited to, providing deficient plans, estimates, designs, drawings, specifications and deficient engineering, design and construction services (Third-Party Compl., ¶ 17); (b) to the extent that Coors is able to maintain its negligence claim, some or all of the damages claimed were caused by Briggs' own negligence in providing what Coors claims to have been deficient plans, estimates, designs, drawings, specifications and deficient engineering, design and/or construction services (Third-Party Compl., ¶ 18); and, (c) Coors could have pursued its negligence claims against Briggs directly, but has chosen not to, such that Jacobs is entitled to contribution from Briggs to the extent of its proportionate share of liability (Third-Party Compl., ¶ 19.)

As indicated above, to state a valid and actionable claim for equitable indemnity, Jacobs need only show that to the extent that Coors successfully asserts its tort claims, some or all of the damages arising out of those claims were caused by the unauthorized negligence of its subcontractor, Briggs. Carr, 250 Va. at 429; Maryland Cas. Co., 191 Va. at 232; see also Pulte, 265 Va. at 258. Because the Third-Party Complaint alleges that some or all of the damages alleged by Coors arise out of deficient services provided by Briggs (and even details those deficient services), it states a cause of action upon which relief may be granted.

### 2.  The Conditional Nature of Jacobs' Claims Does not Bar it from Making Third-Party Claims for Contribution and Indemnification against Briggs.

If Coors prevails on its negligence claims against Jacobs, then Jacobs can prove each of the elements required to sustain a contribution and an equitable indemnification claim against Briggs.  The limitation on liability provision in the parties' contract has no effect on Jacobs' equitable claims for relief based on underlying tort claims.

While Jacobs disputes Coors' ability to assert these tort claims, which lie outside the scope of their contract and thus should be barred by the "economic loss rule," they currently remain part of the ensuing litigation between Coors and Jacobs.  (Jacobs' Mot. for J. on the Pleadings Pursuant to Economic Loss Rule.)  Conditional claims against a third party are permissible even when no negligence has been fixed on the party seeking contribution or indemnification.  See Life Ins. Co. v. Daniel Int'l Corp., 19 Va. Cir. 492, 495 (Va. Cir. 1980).  If the court recognizes that Coors may not assert tort claims or the jury finds Jacobs was non-negligent in its duties, Jacobs will cease to pursue these claims against Briggs.

Jacobs' equitable and contractual claims for indemnity and contribution are well-pled and contain as much specificity as that laid out by Coors in the underlying Complaint.  (Jacobs' Third-Party Compl., ¶¶ 13, 17, 21, 28.)  Jacobs placed Briggs on notice of the allegations against it and asserted that Briggs is or may be liable for all or part of the claims that Coors alleged against Jacobs.  See FED. R. CIV. PROC. 14(a).  Indeed, the allegations against Briggs are hardly conclusory, as each rests on the underlying facts Coors either alleged or is seeking to uncover through the discovery phase of the parties' litigation.  (Jacobs' Third-Party Compl., ¶¶ 13, 17, 21, 28.)  The four causes of action in Jacobs' Complaint meet the broad federal pleading requirements.  Therefore, this Court should deny Briggs' motion to dismiss the Complaint.  See FED. R. CIV. PROC. 8(e).

## IV.

## CONCLUSION

In light of the foregoing, Jacobs respectfully requests that the Court first rule on Jacobs' motions to enforce the liability limiting provisions in the Engineering Services Agreement and the Construction Services Agreement and Jacobs' motion related to Coors' first cause of action before ruling on this motion.

DATED: July 23, 2010

**s/David G. Palmer**
David G. Palmer, COSB No. 2634
GREENBERG TRAURIG LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: PalmerDG@gtlaw.com
Attorneys for Defendant/Third-Party Plaintiffs
JACOBS ENGINEERING GROUP INC., JACOBS
INDUSTRIAL SERVICES, INC., a/k/a JACOBS
CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.

DATED: July 23, 2010

**s/Albert E. Peacock III**
Samuel A. Keesal, Jr., COSB No. 21130
Scott T. Pratt, CASB No. 67192
Terry Ross, CASB No. 58171
Albert E. Peacock III, CASB No. 134094
Elizabeth P. Beazley, CASB No. 138198
KEESAL, YOUNG & LOGAN
400 Oceangate, P.O. Box 1730
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416
E-mail: al.peacock@kyl.com
Co-Counsel for Defendant/Third-Party Plaintiffs
JACOBS ENGINEERING GROUP INC., JACOBS
INDUSTRIAL SERVICES, INC., a/k/a JACOBS
CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd of July 2010, a true and accurate copy of the foregoing **DEFENDANT/THIRD-PARTY PLAINTIFFS JACOBS ENGINEERING GROUP INC., JACOBS INDUSTRIAL SERVICES, INC., A/K/A JACOBS CONSTRUCTION SERVICES, INC., AND JACOBS CONSTRUCTION, INC.'S OPPOSITION TO BRIGGS OF BURTON'S MOTION FOR JUDGMENT ON THE PLEADINGS** was electronically filed with the Clerk of Court using the CM/ECF system which sent notification via e-mail transmission at least to:

Randall H. Miller, Esq.
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
E-mail: Randy.Miller@hro.com

Robert C. Chambers, Esq.
SMITH CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
E-mail: RCChambers@smithcurrie.com

Christian Heath Hendrickson, Esq.
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
E-mail: chendrickson@shermanhoward.com

Paul F. Keneally, Esq.
UNDERBERG & KESSLER LLP
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: 584-238-2724
Facsimile: 584-258-2822
E-mail: pkeneally@underbergkessler.com

                              GREENBERG TRAURIG LLP

                              *s/ Jennifer Stafford*
                              Jennifer Stafford
                              1200 17th Street, Suite 2400
                              Denver, Colorado 80202
                              Telephone: 303-572-6500
                              Facsimile: 303-572-6540
                              Email: StaffordJL@gtlaw.com