**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No. 1:08-cv-00985-RPM
(Consolidated w/Civil Action No. 09-cv-00271-RPM)

COORS BREWING COMPANY AND
BRIGGS OF BURTON, PLC,

         Plaintiffs,

v.

JACOBS ENGINEERING GROUP INC.,
JACOBS INDUSTRIAL SERVICES, INC., a/k/a
JACOBS CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.,

         Defendants,

and

JACOBS ENGINEERING GROUP INC. and
JACOBS CONSTRUCTION SERVICES, INC.,

         Third-Party Plaintiffs,

v.

BRIGGS OF BURTON, PLC,

         Third-Party Defendant.

---

**Coors' Response in Opposition to Defendant Jacobs' Motion for Judgment on the
Pleadings on Coors' Count Seven for Unjust Enrichment**

---

       Coors Brewing Company ("Coors") respectfully submits its Response in Opposition to

Defendant Jacobs' Motion for Judgment on the Pleadings on Coors' Count Seven for Unjust

Enrichment.  (Doc. No. 86).

**Summary of Argument**

Coors' unjust enrichment claim asks the Court to find that reason and justice require the Court to make Jacobs do what is right—return Coors' money for which Jacobs should not have billed under the terms of any contract. Jacobs did not have a "blank check" to spend Coors' money for work that was not an allowable cost under either the Alliance Agreement or the Construction Services Agreement. Unjust enrichment is an equitable, alternative remedy to contract damages—designed to prevent injustice.

Jacobs argues that Coors' unjust enrichment claim must be dismissed as a matter of law because the parties had an express contract. Under Jacobs' argument, even if it incorrectly billed Coors $50 million that it should not have billed under the contract, Coors' only remedy is a refund of Jacobs' fee, which would be less than one tenth the amount of the overbillings. This argument defies common sense and the Court should draw on its "judicial experience and common sense" in determining whether Coors' claim is plausible. *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Jacobs should receive no benefit for an unjustifiable act. Allowing Jacobs to receive such a benefit would violate the central substantive notion that one must not (unjustifiably) enrich oneself at the expense of another. "The concept of unjust enrichment centers attention on the prevention of injustice." *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788, 795 (Colo. 1991) (en banc) (internal quotation marks omitted). Coors' unjust enrichment claim simply asks the Court to allow the jury to put right something that has gone wrong.

To withstand a motion to dismiss, Coors' complaint must contain enough factual matter to state a plausible claim. Coors has met this plausibility standard and Jacobs' motion should be denied.

## Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). While a defendant may seek dismissal under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that a plaintiff must allege enough facts so that a claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). The Court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999). Well-pleaded allegations are those that are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Granting a motion to dismiss is a "harsh remedy" requiring careful study. *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## Scope of Review

Jacobs previously moved for summary judgment on Coors' unjust enrichment claim (Doc. No. 27)—and lost (Doc. No. 53) (Order Denying Motion for Partial Summary Judgment)

(July 6, 2009).[1]  In its current motion, Jacobs cites no changes in the law on unjust enrichment. Jacobs simply wants another bite at the apple.

Coors' unjust enrichment claim is not only plausible on its face, but it also survived summary judgment.  In response to Jacobs' motion for summary judgment on this issue, Coors provided affidavits with additional "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  *See* Coors' Response in Opposition to Jacobs' Motion for Partial Summary Judgment (Doc. No. 33 and Exhibits attached thereto).  By surviving summary judgment, Coors has already shown that its claim is plausible.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (Under Rule 56, if the factual context renders claim implausible, claimant must come forward with more persuasive evidence to support its claim.).

## Argument and Legal Authority

### I.      Coors' unjust enrichment claim is sufficiently pled.

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that a plaintiff must allege enough facts so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 555-56, 570. "Pleadings must be construed so as to do justice." Fed. R. Civ. Proc. 8(e).

Under Colorado law, to establish a claim for unjust enrichment a plaintiff must show that "(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *DCB Constr. Co., Inc. v. Cent. City Dev. Co.*, 965 P.2d 115, 119–20 (Colo. 1998).  Unjust enrichment is "a judicially created

---

[1] Coors incorporates herein by reference the legal arguments, exhibits, and affidavits of its Response in Opposition to Jacobs' Motion for Partial Summary Judgment (Doc. No. 33).

remedy designed to avoid benefit to one to the unfair detriment of another." *Salzman v. Bachrach*, 996 P.2d 1263, 1265 (Colo. 2000). "The concept of unjust enrichment centers its attention on the prevention of injustice." *Ninth Dist. Prod. Credit Ass'n*, 821 P.2d at 795.

It has long been the law in Virginia "that a man shall not be allowed to enrich himself unjustly at the expense of another." *Rinehart v. Pirkey*, 101 S.E. 353, 354 (Va. 1919). To establish a claim for unjust enrichment in Virginia a plaintiff must generally show three elements: "(1) A benefit conferred on the defendant by the plaintiff; (2) Knowledge on the part of the defendant of the conferring of the benefit; and (3) Acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Nossen v. Hoy*, 750 F. Supp. 740, 744–45 (E.D. Va. 1990).

Here, Coors' complaint alleges that: "Coors conferred benefits upon JEG and JCS in the payment of fees, costs, and other monies." Compl. ¶ 73. "JEG and JCS appropriated these benefits without providing reasonably equivalent value in return." Compl. ¶ 74. "JEG's and JCS's acceptance of these benefits under such circumstances is unjust and it would be inequitable for JEG and JCS to retain these benefits." Compl. ¶ 75. "JEG and JCS are liable to Coors under the theory of unjust enrichment in an amount to be proven at trial." Compl. ¶ 76. Jacobs admits that the allegations in Coors' complaint satisfy the elements for an unjust enrichment claim. Jacobs Memo at vi (Doc. No. 87, p. 10).

Jacobs argues, however, that because the parties had a written contract there is a general rule against unjust enrichment claims. Jacobs further argues that neither of the recognized exceptions to the general rule applies under the facts and circumstances. But Jacobs' arguments are defenses to the unjust enrichment claim and shed no light on the facial plausibility of the

claim.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828, 114 S. Ct. 93 (1993); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 837 (10th Cir. 2003) (court's function on motion to dismiss "is not to weigh potential evidence that parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."). In reviewing a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff, assuming its factual allegations to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

Applying these time-honored standards, Jacobs' motion should be denied because Coors' complaint adequately pleads a cause of action for unjust enrichment.

## II.    An unjust enrichment claim may exist independently of a contract.

Jacobs argues that "[i]t is well settled as a matter of law that unjust enrichment is not an available remedy where the parties have agreed to an express contract covering the same subject matter." Jacobs Memo at iii (Doc. No. 87, p. 7). The existence of a contract, however, does not tie this Court's hands—it may still act to prevent injustice. *See Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1130 (10th Cir. 2008) (unjust enrichment is grounded on the "prevention of injustice"). Unjust enrichment "is an equitable remedy and does not depend on any contract, oral or written." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). In general, an unjust enrichment claim "may exist independently of a contract and need not turn on whether the

contract between the parties met specified requirements." *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000). The existence of a contract does not limit this Court's power to fashion an unjust enrichment equitable remedy. "Generally, the power to fashion equitable remedies lies within the discretion of the trial court." *La Plata v. United Bank*, 857 P.2d 410, 420 (Colo. 1993) (citing *Restatement (Second) of Contracts* § 357 cmt. c (1981)).

Moreover, Jacobs billed for work that was *outside* the contract. Jacobs admits, as it must, that the common law recognizes two exceptions to the general rule on express contracts, and allows recovery for unjust enrichment if (1) the party will have no right under an enforceable contract, for instance, because an express contract failed or was rescinded, or (2) the unjust enrichment claim covers conduct outside the express contract or matters arising subsequent to the express contract. *See Interbank Invs. v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. 2003); *Restatement (Second) of Contracts* § 376; 26 *Williston on Contracts* § 68:1. Both exceptions apply here for the reasons explained in Coors' Response in Opposition to Jacobs' Motion for Partial Summary Judgment (Doc. No. 33, p. 46). Coors incorporates by reference the legal arguments, exhibits, and affidavits contained in its earlier response.

### III. Unjust enrichment claims require extensive factual findings.

Unjust enrichment involves a mixed question of fact and law. *Lewis*, 189 P.3d at 1140. "Unjust enrichment claims require that courts make extensive factual findings to determine whether a party has been unjustly enriched." *Id.* Careful consideration of the particular facts and circumstances is required. *Id.*

Coors' Response in Opposition to Jacobs' Motion for Partial Summary Judgment provides facts showing that Jacobs has been unjustly enriched by billing and getting paid for

work that was not to have been billed under the contract.  (*See* Doc. No. 33 and its attached

Exhibits).

The proper remedy upon a finding of unjust enrichment is to restore the harmed party to

its former position either by returning property or money.  *Lewis*, 189 P.3d at 1141.  That is what

Coors seeks—return of the money it paid Jacobs for work that was not supposed to have been

billed.

**IV.      Jacobs was unjustly enriched by its material and opportunistic breach.**

Colorado courts have repeatedly relied on the Restatement of Restitution (1937).  *See,*

*e.g., Lewis*, 189 P.3d at 1141; *DCB Constr. Co.*, 965 P.2d at 121–22; *In re Marriage of Allen*,

724 P.2d 651, 656–60 (Colo. 1986).  Virginia courts also recognize as authoritative the

Restatement of Restitution.  *Faulknier v. Shafer*, 563 S.E.2d 755, 759–60 (Va. 2002); *Miller v.*

*Quarles*, 410 S.E.2d 639, 642 (Va. 1991); *Sachs v. Tavss*, 375 S.E.2d 719, 720–22 (Va. 1989).

The American Law Institute has tentatively approved the Restatement (Third) of

Restitution and Unjust Enrichment (Tentative Draft No. 4, 2005).  The Tenth Circuit, applying

Colorado law, recently cited with approval the Restatement (Third) of Restitution in an unjust

enrichment case.  *Van Zanen*, 522 F.3d at 1131.  The Colorado Court of Appeals recognized the

Restatement (Third) in *Skyland Metropolitan District v. Mountain West Enterprise, LLC*, 184

P.3d 106, 130 (Colo. App. 2007).  It is reasonable to conclude that Virginia would do so as well.

Section 39 of the Restatement (Third) is "Profit Derived From Opportunistic Breach."

This section recognizes that an injured promisee is entitled to disgorgement of profits as an

alternative remedy if a breach is deliberate and profitable and if contract damages are an

inadequate remedy.  Restatement (Third) of Restitution and Unjust Enrichment § 39.  A breach is

"profitable" when it results in gains to the defaulting promisor (net of liability in damages) greater than the promisor would have realized from performance of the contract. *Id.*

In *EarthInfo, Inc. v. Hydrosphere Resource Consultants, Inc.*, the Colorado Supreme Court held that there is no rule that disgorgement is unavailable as a remedy for breach of contract. 900 P.2d 113, 120 (Colo. 1995). The court stated that because "[n]o easy formulas exist for determining when restitution of profits … is permissible … the court must resort to general considerations of fairness." *Id.* at 119.

Here, the facts now in the record (*see* Doc. No. 33 and its attached exhibits) show that Jacobs failed to put in place the cost controls necessary to comply with its contract obligation not to bill Coors for its or its subcontractors' rework. As a direct result, Jacobs billed Coors millions of dollars for design omission, schedule recovery, field conditions, and rework, some or all of which were not permissible costs under the contract. Coors seeks to have the improperly billed monies returned because Jacobs, not Coors, should suffer the consequences of Jacobs' improper actions. Jacobs argues that Coors is limited to contract damages, that is, repayment of Jacobs' contract fee. Jacobs was or should have been aware that its failure to put adequate cost controls in place would inure to its benefit and Coors' detriment. This is the essence of a deliberate breach. To have committed a deliberate breach under the impression that its liability was limited to its fee was also to commit a patently opportunistic breach. Jacobs' actions were unjust, and Coors is entitled to disgorgement of Jacobs' profits from its opportunistic breach as an alternative remedy to contract damages.[2]

---

[2] "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(e).

**Conclusion**

For the foregoing reasons, Coors respectfully requests that the Court deny Jacobs' Motion

for Judgment on the Pleadings on Coors' Count Seven for Unjust Enrichment.

Respectfully submitted August 3, 2010.

<div style="margin-left:40%;">

*s/ Robert C. Chambers*

Robert C. Chambers
rcchambers@smithcurrie.com
Charles W. Surasky
cwsurasky@smithcurrie.com
John M. Mastin, Jr.
jmmastin@smithcurrie.com
**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1227
Tel: 404-521-3800
Fax: 404-688-0671


Randall H. Miller
randy.miller@hro.com
James N. Phillips
james.phillips@hro.com
**HOLME ROBERTS & OWEN LLP**
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
Tel: 303-861-7000
Fax: 303-866-0200


*Attorneys for Plaintiff*
*Coors Brewing Company*

</div>

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on August 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David G. Palmer
**GREENBERG TRAURIG LLP**
1200 17th Street, Suite 2400
Denver, Colorado 80202
Tel:   303-572-6500
Fax:   303-572-6540
Email:  palmerdg@gtlaw.com

and

Albert E. Peacock, III
Paul T. Ross
**KEESAL, YOUNG & LOGAN**
400 Oceangate
P.O. Box 1730
Long Beach, California  90801
Tel:   562-436-2000
Fax:   562-436-7416
Email:  al.peacock@kyl.com
          terry.ross@kyl.com

***Attorneys for Defendants and
Third-Party Plaintiffs
Jacobs Engineering Group Inc. and
Jacobs Construction Services, Inc.***

Christian H. Hendrickson
**SHERMAN & HOWARD L.L.C.**
633 17 Street, Suite 3000
Denver, Colorado 80202
Tel.: 303-297-2900
Fax: 303-298-0940
Email:
chendrickson@shermanhoward.com

and

Paul F. Keneally
**UNDERBERG & KESSLER LLP**
300 Bausch & Lomb Place
Rochester, New York 14604
Tel.: 585-258-2800
Fax: 585258-2821
Email:
pkeneally@underbergkessler.com

***Attorneys for Plaintiff and
Third-Party Defendant
Briggs of Burton, PLC***

**_s/ John M. Mastin, Jr._**
John M. Mastin, Jr.
**SMITH, CURRIE & HANCOCK LLP**

***Attorneys for Plaintiff
Coors Brewing Company***