**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No. 1:08-cv-00985-RPM
(Consolidated w/Civil Action No. 09-cv-00271-RPM)

COORS BREWING COMPANY AND
BRIGGS OF BURTON, PLC,

       Plaintiffs,

v.

JACOBS ENGINEERING GROUP INC.,
JACOBS INDUSTRIAL SERVICES, INC., a/k/a
JACOBS CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.,

       Defendants,

and

JACOBS ENGINEERING GROUP INC. and
JACOBS CONSTRUCTION SERVICES, INC.,

       Third-Party Plaintiffs,

v.

BRIGGS OF BURTON, PLC,

       Third-Party Defendant.

---

**Coors' Response in Opposition to Defendant Jacobs Engineering Group Inc.'s**
**Motion for Judgment on the Pleadings on**
**Defendant's Contractual Limitation of Liability**

---

Coors Brewing Company ("Coors") respectfully submits its Response in Opposition to

Defendant Jacobs Engineering Group Inc.'s ("JEG") Motion for Judgment on the Pleadings on

Defendant's Contractual Limitation of Liability (Doc. No. 98).

## Summary of Argument

Coors alleges that Jacobs billed approximately $35 million for work and rework that should not have been billed under any contract. A contractual limitation-of-liability clause does not shield Jacobs from liability for billings outside the contract.

JEG admits, as it must, that it was contractually obligated to correct or revise, without additional compensation, any errors or deficiencies in its designs, drawings, specifications or other services provided. *See* JEG's Memorandum in Support of its Motion for Judgment on the Pleadings on Defendant's Contractual Limitation of Liability at 6 (hereinafter "JEG Memo"). JEG also admits that it was "obligated to perform rework" at its own expense. JEG Memo at 1. But Jacobs' own documents, which are now part of the record (*see* Doc. No. 33-7 and Doc. No. 33-8),[1] show that Jacobs billed Coors more than $6 million for work and rework caused by engineering design omissions, revisions, and additions, and more than $29 million in rework caused by subcontractor, fabricator, or supplier error. It is undisputed that Coors paid Jacobs approximately $35 million for this work and rework.

JEG asks the Court to enforce a limitation-of-liability reperformance clause when reperformance is impossible. JEG's offer to fix its design errors and omissions at its own expense after the work and rework caused by the errors and omissions has already been done and paid for is of no value to Coors. Because the reperformance clause fails of its essential purpose, it should not be enforced.

---

[1] These documents are included in the record because Jacobs first moved for partial summary judgment (Doc. No. 27) prior to its instant motion for judgment on the pleadings, and Coors filed these documents as part of its response (Doc. No. 33) to Jacobs' partial summary judgment motion. The Court may take judicial notice of documents in the record. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (en banc) ("[T]he court is permitted to take judicial notice of its own files and records.").

Jacobs previously moved for summary judgment on JEG's limitation of liability and lost. Nothing has changed. Jacobs cites no new law, facts, or pleading standards in its motion for judgment on the pleadings. Jacobs' motion should be denied once again.

### Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). While a defendant may seek dismissal under Rule 12(b)(6) for failing to state a claim upon which relief may be granted, a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that a plaintiff must allege enough facts so that a claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). The Court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999). Granting a motion to dismiss is a "harsh remedy" requiring careful study. *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

### Scope of Review

Jacobs previously moved for summary judgment on this issue (Doc. No. 27)—and its motion was denied by the Court (Doc. No. 53) (Order Denying Motion for Partial Summary Judgment) (July 6, 2009). Under either the plausibility standard or the Rule 56 standard, Jacobs' motion should be denied.

### Argument and Legal Authority

**I.   Coors' claims against JEG are sufficiently pled.**

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that a plaintiff must allege enough facts so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 555-56, 570.

Coors' allegations include:  JEG breached the Engineering Services Agreement (the "Alliance Agreement") by failing to provide services of the highest professional quality. Compl. ¶ 15. JEG breached its duties by providing deficient services to Coors. Compl. ¶ 29. Jacobs Construction Services, Inc. ("JCS") billed Coors for work and rework resulting from design errors and omissions, ignoring JEG's contract obligation to correct errors and omissions without additional compensation. Compl. ¶ 61(g). JCS billed Coors for subcontractor rework resulting from substandard, unacceptable work that subcontractors were obligated to correct without additional payment. Compl. ¶ 61(h).

JEG argues that Count One of Coors' complaint, breach of contract against JEG, should be dismissed because JEG's only obligation was to reperform defective work. "Since JEG is only obligated to perform rework, Coors is not entitled to recover damages." JEG Memo at 1. But JEG was required to perform this rework "without additional compensation." Alliance Agreement § 3.2 (Compl. Exhibit A). JEG further argues that for it to breach the contract it "must have failed to correct or revise an error." JEG Memo at 6. That assertion stops short of properly explaining the actual contract obligation. JEG is in breach if it fails to correct or revise an error at its *own expense*. Coors alleges that JEG provided deficient services and that Jacobs billed for the work and rework caused by those deficient services. Jacobs' own documents

support Coors' allegations.

## II.      JEG breached its contract by failing to reperform at its own expense.

Jacobs Vice President of Operations, Pat Stoller, in an attempt to explain the project's

cost overruns, sent Coors a pie chart (Doc. No. 33-7) and a table showing definitions for the pie

chart (Doc. No. 33-8).  These documents are now in the record and the Court may take judicial

notice.  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated*

*on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (en banc) ("[T]he

court is permitted to take judicial notice of its own files and records.").  Because the documents

are subject to judicial notice, this Court may consider them without treating the motion to

dismiss as a motion for summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir.

2006).

Jacobs' documents show that it billed Coors $6,065,867 for design omissions, revisions,

and additions, and $29,277,290 for "Rework." (Doc. No. 33-7 and Doc. No. 33-8).  JEG admits

that it was contractually obligated to correct or revise, without additional compensation, any

errors or deficiencies in its designs, drawings, specifications or other services provided.  JEG

Memo at 6.  JEG also admits that it was "obligated to perform rework" at its own expense.  JEG

Memo at 1.  Coors alleges that JEG breached its contract by providing defective services and that

JCS/JEG failed to reperform without additional compensation.  Compl. ¶¶ 15, 29, 61(g)-(h).

These factual allegations, supported by Jacobs' documents, are enough to raise Coors' right to

relief above the speculative level.  *Twombly*, 550 U.S. at 555.

III.    **The Alliance Agreement's exclusive remedy fails of its essential purpose and should not be enforced.**

Section 3.2 of the Alliance Agreement states that Coors' exclusive remedy for JEG's

defective performance is that JEG "shall without additional compensation correct or revise any

errors or deficiencies in its designs, drawings, specifications or other services." Compl. Ex. A,

Alliance Agreement. Because JEG cannot now cure its performance defects by correction or

revision at its own expense, Coors is deprived of its bargained-for benefit. The remedy,

therefore, fails of its essential purpose and should not be enforced.

A remedy fails of its essential purpose if it operates to deprive a party of the benefit of its

bargain. *Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 744-45 (Colo. 1991); *Lutz*

*Farms v. Asgrow Seed Co.*, 948 F.2d 638, 646 (10th Cir. 1991) (Under Colorado law, failure of

the essential purpose of a remedy is determined by whether a party is deprived of the substantial

value of its bargain.).

Coors bargained for JEG to provide performance of "the highest professional quality."

Compl. Ex. A, Alliance Agreement § 3.1. Coors also bargained for JEG to fix its design errors

and omissions at JEG's own expense. Compl. Ex. A, Alliance Agreement § 3.2. Coors did not

get what it bargained for.

Coors alleges that JEG's deficient design services (e.g., design error or omission) led to

some or all of the $6 million Category 1&2 Design Omission, Revision, Additions—resulting in

construction trade subcontractor work or rework. (*See* Doc. No. 33 and Exhibits 33-7 and 33-8).

Category 1&2 is defined by Jacobs as: "Work activities required as a result of an omission in

design – all of these changes were included in the original scope intent." And, "Work activities

required as a result of a change in the design – revision or addition. e.g., Rework of pipe due to

engineering revision." (*See* Doc. No. 33-8). Because Jacobs billed Coors for these work activities, the exclusive remedy of the Alliance Agreement—reperform at no charge—fails of its essential purpose because Coors paid Jacobs for extra work caused by JEG's failure to perform services "of the highest professional quality" as required by contract. Compl. Exhibit A, Alliance Agreement § 3.1.

JEG argues that Coors' only remedy under the Alliance Agreement is for JEG to reperform. Reperformance of engineering design after the field work and rework caused by the defective design has already been done and paid for is of no value to Coors. The reperformance remedy fails of its essential purpose, is no remedy at all, and should not be enforced. *See Curragh Queensland Mining Ltd. v. Dresser Indus.*, 55 P.3d 235, 241 (Colo. App. 2002) (holding that when a party cannot cure defects by repair, a remedy limited to repair fails of its essential purpose).

## Conclusion

For the foregoing reasons, Coors respectfully requests that the Court deny JEG's Motion for Judgment on the Pleadings on Defendant's Contractual Limitation of Liability.

Respectfully submitted August 17, 2010.

*s/ Robert C. Chambers*
Robert C. Chambers
rcchambers@smithcurrie.com
Charles W. Surasky
cwsurasky@smithcurrie.com
John M. Mastin, Jr.
jmmastin@smithcurrie.com
SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1227
Tel: 404-521-3800

Fax: 404-688-0671

Randall H. Miller
randy.miller@hro.com
James N. Phillips
james.phillips@hro.com
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
Tel: 303-861-7000
Fax: 303-866-0200

*Attorneys for Plaintiff*
*Coors Brewing Company*

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 17, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David G. Palmer
**GREENBERG TRAURIG LLP**
1200 17th Street, Suite 2400
Denver, Colorado 80202
Tel:   303-572-6500
Fax:   303-572-6540
Email:  palmerdg@gtlaw.com

and

Albert E. Peacock, III
Paul T. Ross
**KEESAL, YOUNG & LOGAN**
400 Oceangate
P.O. Box 1730
Long Beach, California  90801
Tel:   562-436-2000
Fax:   562-436-7416
Email:  al.peacock@kyl.com
            terry.ross@kyl.com

*Attorneys for Defendants and*
*Third-Party Plaintiffs*
*Jacobs Engineering Group Inc. and*
*Jacobs Construction Services, Inc.*

Christian H. Hendrickson
**SHERMAN & HOWARD L.L.C.**
633 17 Street, Suite 3000
Denver, Colorado 80202
Tel.: 303-297-2900
Fax: 303-298-0940
Email:
chendrickson@shermanhoward.com

and

Paul F. Keneally
**UNDERBERG & KESSLER LLP**
300 Bausch & Lomb Place
Rochester, New York 14604
Tel.: 585-258-2800
Fax: 585258-2821
Email:
pkeneally@underbergkessler.com

*Attorneys for Plaintiff and*
*Third-Party Defendant*
*Briggs of Burton, PLC*

*s/ John M. Mastin, Jr.*
John M. Mastin, Jr.
**SMITH, CURRIE & HANCOCK LLP**

*Attorneys for Plaintiff*
*Coors Brewing Company*