IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00985-RPM
(Consolidated w/Civil Action No. 09-cv-00271-RPM)

COORS BREWING COMPANY and
BRIGGS OF BURTON, PLC,

     Plaintiffs,

v.

JACOBS ENGINEERING GROUP INC.,
JACOBS INDUSTRIAL SERVICES, INC., a/k/a
JACOBS CONSTRUCTION SERVICES, INC., and
JACOBS CONSTRUCTION, INC.,

     Defendants,
and

JACOBS ENGINEERING GROUP INC. and
JACOBS CONSTRUCTION SERVICES, INC.,

     Third-Party Plaintiffs,

v.

BRIGGS OF BURTON, PLC,

     Third-Party Defendant.

_____

ORDER DISMISSING COUNT ONE AND COUNT FOUR OF FIRST AMENDED COMPLAINT
_____

In its First Amended Complaint, filed March 18, 2011, Coors Brewing Company (Coors) claimed that Jacobs Construction Services, Inc., (JCS) breached its obligations under a Design Build Contract for the construction of a brewery in Virginia (Count Two) and that Jacobs Engineering Group, Inc. (JEG) breached an Alliance Agreement to provide engineering services related to that project. (Count Five).  In addition, Coors

claimed negligence (professional malpractice) against JCS (Count One) and JEG (Count Four).

The defendants moved to dismiss these negligence counts asserting that they are precluded by the economic loss rules of Virginia, applicable to the Design Build Contract, and Colorado, applicable to the Alliance Agreement.

These negligence claims have been asserted by Coors because there are limitations on liability provisions in both contracts.  At oral argument on these motions, defendants' counsel made it clear that the scope and effect of those provisions are not issues that can be addressed at this stage of the litigation.  What is to be decided is whether Coors can assert liability for conduct that is different from that which has been alleged as breaches of contract.  Coors contends that there are differences in the law of Colorado and Virginia, noting for example, that there are statutory duties of engineers in construction projects in Virginia.  The differences cited do not affect the principle that when parties with equivalent bargaining power freely negotiate a fully integrated contract defining their duties and responsibilities to each other, the law will not impose additional obligations.

Accordingly, Counts One and Four of the First Amended Complaint fail to state cognizable claims.

The defendants also seek dismissal of Count Three, an alternative claim for unjust enrichment against both of them.  That is an equitable claim which depends on the inadequacy of a legal remedy and the defendants argue that the express contracts preclude that claim.  While the question is not yet presented, it is not clear that a limitation of liability in a contract broadly construed to defeat a claim for legal damages

for a breach of contract may not support a claim that the contract provision unjustly denies damages for money paid in consequence of breaches of contract based on the doctrine of unjust enrichment.

In answering the remaining claims of the First Amended Complaint it is not expected that the Jacobs defendants will admit or deny all of the exhibits attached to it.

Upon the foregoing, it is

ORDERED that the claims for relief designated as Counts One and Four of the First Amended Complaint are dismissed under Fed.R.Civ.P. 12(b)(6).  It is

FURTHER ORDERED that the Jacobs defendants' motion under Fed.R.Civ.P. 12(c) [Doc. 141] is moot.

DATED:   December 12th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge